No. 2104.—WILLIAM G. PRESCOTT, Admr., *v.* ELIZABETH GORDON and W. S. BATES.

The surviving widow in community is not allowed to retain in her hands the amount of her bid on the common property, at the succession sale of her deceased husband, until a final partition, even where there are no debts to pay.

Articles 1265 and 2603 of the Civil Code, which give to the heirs the right to retain the amount of their bids until a final partition, does not give to the surviving widow that right, at the sale of the community property. In this respect she stands in no better position than that of any other purchaser.

APPEAL from Sixth District Court, parish of St. Helena. *Ellis, J. Wilson & Bradley*, for plaintiff and appellant. *T. & J. Ellis*, for defendants and appellees.

LUDELING, C. J.  W. E. Gordon died intestate, leaving an estate to be divided between his widow and collateral heirs.

On the thirteenth and fourteenth of December, 1861, the personal effects belonging to the community were sold, and the widow purchased at the sale, to a large amount. For the price of the property bought by her she gave her two notes, amounting to $3,456 68. In 1862, at the instance of the widow, a partition of all the community property was made in kind, except the proceeds of the sale of the personal effects of the succession, amounting to upwards of $8,000. The administrator instituted this suit for the recovery of the said two notes, and two other small notes. Prescription was plead against the two small notes, and was properly sustained. As to the notes executed by the defendant for the price of her purchase at the succession sale, there was a judgment of nonsuit, and the plaintiff has appealed.

The defendant contends that *"parties* in interest at a sale of succession property may purchase to the amount of their portion, and are not obliged to pay until there has been a definitive partition or liquidation, unless the succession be insolvent," etc. This pretension is based upon articles 1265 and 2603 of the Civil Code. These articles establish an exception to the general rule, which is, that purchasers at succession sales must pay the price of their purchase, and are not permitted to settle it by compensation with claims which they may happen to hold against the succession. 3 An. 150; 10 An. 47; 18 An. 268.

These articles must then be construed strictly, and can not be extended beyond their terms by analogy. Both articles speak of *heirs* only, and courts are not at liberty to extend the exception to other persons. 4 R. 37; 2 An. 412.

The defendants' counsel rely upon the case of Dorin *v.* Wiltz (11 An. 517) to sustain the right of the widow in community to retain the price of her purchase. That was an action for a partition of property in which the rights of the parties were to be settled definitively. The question raised in this case was not at issue in that case; and what is relied on by counsel as authority, even if it sustained their views, was *obiter dictum*. The court said in that case: " It is urged that the

affirmance of the judgment will prejudice the appellant, by compelling her, .in the event of becoming the purchaser of the property, to deposit the purchase money into court. We do not understand that such will be the effect of the judgment. Either party, in becoming the purchaser of the property, will have the right to retain in his or her hands the *portion of the price coming to him or her*, the defendant to retain first the *amount awarded in her favor as a creditor of the community* by this judgment."

It was the duty of the administrator to collect the notes, and there should have been judgment against the defendant for the amount of the two notes given by her at the succession sale.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the plaintiff against the defendants *in solido*, for the sum of $2,691 16, with eight per cent. per annum interest from the fourteenth day of December, 1862, and for the sum of $767 52, with eight per cent. per annum interest thereon from the thirteenth day of December, 1862, and costs in both courts. It is further ordered that the plaintiff's demand for the notes for $7 60 and $18 91 be rejected.

Rehearing refused.